# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNA LITTLE,<br>　　Plaintiff(s),<br>v.<br>SWITCH, LTD.,<br>　　Defendant(s). | Case No. 2:23-cv-01920-JCM-NJK<br>**Order**<br>[Docket No. 14] |

Pending before the Court is a stipulation to vacate the discovery plan deadline because the parties have no intention of litigating their case in this forum, but would like the Court to expend its scarce resources on an early neutral evaluation before they move on to an arbitral forum. Docket No. 14. Given the prior orders and procedural posture, the Court will **GRANT** this stipulation. Nonetheless, the Court feels compelled to express its disapproval of the troubling trend that this stipulation represents.

"[T]he resources of the federal judiciary, and this Circuit especially, are strained to the breaking point." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002). Federal judges lack the luxury of spending their time on matters that should not require their attention. Spending time and resources on unnecessary matters delays resolution of other matters that legitimately require judicial attention. *Cf. Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). As a prime directive of federal litigation, *see* Fed. R. Civ. P. 1, courts must guard against such unnecessary delay, *cf. Flynn v. Nev.*, ___ F.R.D. ____, 2024 WL 45371, at *7 (D. Nev. Jan. 3, 2024) (collecting cases). Given the interrelatedness of resolving unnecessary matters and delaying resolution of necessary matters, it is no surprise that "[m]odern courts recognize that the court's time is a public commodity which should not be squandered." *United States v. Reeves*, 636 F. Supp. 1575, 1579 (E.D. Ky. 1986) (citation and internal quotations omitted).

Against that backdrop, the Court views with trepidation a new trend in which parties have no intention of adjudicating their case in federal court because of an arbitration agreement, but delay enforcing that arbitration agreement for the sole purpose of obtaining a free alternative dispute resolution option. *See, e.g.*, *Perna v. Station GVR Acquisition LLC*, No. 2:23-cv-00129-CDS-DJA, Docket No. 23 (D. Nev. May 4, 2023). This is such a case, as the parties have already agreed not to litigate in this forum because of an arbitration agreement, but have delayed arbitrating so that they can reap the benefit of the free alternative dispute resolution process provided by the early neutral evaluation process. *See* Docket No. 8. While it is understandable that parties seek to limit litigation costs, preparing for and holding an early neutral evaluation involves the expenditure of numerous hours of judicial and court staff time. *See id.*[1] The incursion of such cost by the Court is not warranted in cases that the parties have no intention of litigating here:

> [T]his District's precious judicial resources are invested into the early neutral evaluation program to provide an opportunity to resolve cases that the parties would otherwise litigate here; judicial resources are not expended to provide a cost-free alternative dispute resolution opportunity on matters that the parties do not intend to litigate here.

*Id.*

Hence, although the Court expresses its strong disapproval of zapping judicial resources on a case the parties have no intention of litigating here, the Court **GRANTS** the pending stipulation given the other orders issued and the procedural posture.

IT IS SO ORDERED.

Dated: February 1, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] It is beyond ironic that the pending stipulation touts repeatedly that the parties are seeking to delay discovery obligations as a means to "promote[] judicial economy." Docket No. 14 at 1; *see also id.* at 2. Delaying enforcing an arbitration agreement so that the Court expends judicial resources providing a free alternative dispute resolution is, quite obviously, the exact opposite of promoting judicial economy.